926 F.2d 722
 Edmonda A. LOGUE; Brooks L. Rosen, Trustee for the Lynne
Larena Logue Dower Trust; Brooks L. Rosen, Trustee for the
Martha Josephine Logue Trust; Brooks L. Rosen, Trustee for
the Marcus Worth Logue Trust, Appellees/Cross Appellants,
v.
SEVEN-HOT SPRINGS CORPORATION, Appellant/Cross Appellee.
 Nos. 89-2830, 89-2985.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 11, 1990.
Decided Feb. 22, 1991.
Rehearing Denied March 18, 1991.
 
 Ronald A. May, Little Rock, Ark., for appellant/cross appellee.
 Robert L. Robinson, Jr., Little Rock, Ark., for appellees/cross appellants.
 Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 On October 4, 1982, appellees, Edmonda A. Logue and others, (seller) agreed in writing to sell a single forty acre tract of undeveloped land to the appellant, Seven-Hot Springs Corporation (buyer), at a stipulated price per acre. Upon executing the agreement, the buyer tendered $5,000 earnest money to the seller. According to the purchase agreement between the parties, in the event of buyer's default, this earnest money was to be deemed liquidated damages and forfeited to the seller; otherwise it was to be credited towards the down payment at closing. The relevant language in the purchase agreement provides:
 
 
 2
 If Purchaser defaults in its obligations hereunder, the $5,000.00 earnest money shall be retained by Seller as liquidated damages, whereupon Purchaser shall be released from all liabilities or obligations hereunder. Seller understands and agrees that the right to retain the earnest money as liquidated damages shall be the sole and exclusive remedy available to Seller in the event of Purchaser's default.
 
 
 3
 In the next fifteen months it became clear that all the conditions precedent in the agreement could not be fulfilled prior to the designated closing date. In a January 12, 1984 amendment to the purchase agreement, the parties modified their original agreement to provide for the sale of the same forty acres divided into three separate parcels at different prices per acre in a series of three transactions, each parcel to be closed upon individually over the next four years. Under this amendment, the buyer was to tender 25% of the agreed price in cash at each of the closings in exchange for delivery of the deed to that parcel. The remainder of the purchase price was to be paid in annual installments in the four years following each closing. No additional provision for earnest money or for the payment of liquidated damages was made by the parties. All terms and conditions of the original agreement were to remain in effect unless specifically changed in the amendment.
 
 
 4
 The parties closed on Parcel I in 1984 under the terms set out in the amendment. The $5,000 earnest money was credited to the buyer's cash down payment of that first parcel. In 1986, the parties closed on Parcel II as scheduled in the amendment. Although the closing on Parcel III was scheduled for December 31, 1988, in December 1988 the buyer informed the seller of its intention not to close on Parcel III and shortly thereafter forwarded a check for $5,000 to the seller as liquidated damages. The seller then filed suit against the buyer for specific performance of the contract.
 
 
 5
 The case was submitted to the district court[1] on cross motions for summary judgment. The district court ruled in favor of the seller and ordered specific performance as the remedy. The buyer now appeals, arguing that the district court improperly construed the liquidated damages clause and erred in holding that specific performance was the appropriate remedy. The seller cross-appeals seeking attorney fees.
 
 
 6
 Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 It is well settled that the construction and legal effect of written contracts are matters of law for the court to decide. Amerdyne Indus., Inc. v. POM, Inc., 760 F.2d 875, 877 (8th Cir.1985). In the present case, the district court concluded that because the earnest money check had been applied as a credit on the closing of Parcel I, the earnest money had been intended only as security for the initial performance of the parties, rather than as the "sole and exclusive remedy" available to the seller following the amendment. Thus, once performance began with the closing on Parcel I, the amount of the earnest money could no longer be considered as liquidated damages. The district court then determined that specific performance was the appropriate remedy.
 
 
 8
 The buyer argues on appeal that the agreement specifically provided that the ability to receive the amount of earnest money as liquidated damages would be the sole and exclusive remedy available to the seller. The amendment stated that no terms of the agreement were to be modified unless expressly altered. Buyer contends that the amount of liquidated damages is the only remedy available to the seller pursuant to the express terms of the agreement. We disagree.
 
 
 9
 When the agreement was entered into, the contract involved the sale of one undivided 40 acre tract of land. If the buyer had defaulted prior to closing under the original agreement, the seller would have continued to own the entire 40 acre tract of land and presumably could have sold the entire tract to another buyer. Following the amendment, however, and the subsequent sales of Parcels I and II, the seller was left with only a fraction of a previously undivided 40 acre tract of land. Given the seller's change of position as a result of the amendment, it would now be inequitable to permit the buyer to pay only $5,000 in liquidated damages after his partial performance and subsequent default of the revised agreement.
 
 
 10
 The original purchase agreement provided that $5,000 in earnest money was to be used in one of two ways. First, if the original deal was consummated, the earnest money was to be applied to the down payment. Second, in the event of the buyer's default, (i.e., the failure to close on the original forty acre parcel), the $5,000 was to be liquidated damages, the sole and exclusive remedy available to the seller. Following the amendment, however, partial performance occurred--Parcel I was sold and the $5,000 earnest money was applied to the down payment. Once the earnest money was credited against the purchase price, there was no longer $5,000 earnest money to be used as liquidated damages at some point in the future. In essence, the amendment and division of the tract of land into three parcels, coupled with buyer's partial performance in purchasing two of those parcels, nullified the liquidated damages clause of the original agreement.
 
 
 11
 We also hold that specific performance was the appropriate remedy here. It is well settled under Arkansas law that specific performance of a written contract to sell land may be enforced by a seller. See, e.g., McIllwain v. Bank of Harrisburg, 18 Ark.App. 213, 713 S.W.2d 469, 473 (1986). The majority of courts have stated that specific performance will be allowed on a contract for the sale of land even though there is a liquidated damages clause unless it is clear that the liquidated damages clause was to be the exclusive remedy. Because we have already concluded that the liquidated damages clause was not intended to be the exclusive remedy following partial performance, we hold that the district court did not err in awarding specific performance.
 
 
 12
 Finally, on cross appeal, the seller argues that the district court erred in not awarding attorney fees. Arkansas law provides:
 
 
 13
 In any civil action to recover ... for ... breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.
 
 
 14
 Ark.Code Ann. Sec. 16-22-308. The statute is clearly not mandatory and the decision whether to award attorney fees in cases governed by section 16-22-308 is left to the sound discretion of the trial court. See Chrisco v. Sun Indus., Inc., 304 Ark. 227, 800 S.W.2d 717, 718-19 (1990).
 
 
 15
 Here, the buyer argues that attorney fees are improper because the statute does not specifically provide for attorney fees in actions for specific performance. However, we do not reach the question whether a breach of contract action which results in an award of specific performance is outside the scope of section 16-22-308. Instead, we conclude that under the circumstances of this particular case, we find no abuse of the trial court's discretion in refusing to award attorney fees.
 
 
 16
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas